■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS MALDONADO, Appellant. [706 NYS2d 876] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered February 6, 1997, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly exercised its discretion in setting appropriate guidelines for voir dire of prospective jurors (*see, People v Boulware*, 29 NY2d 135, *cert denied* 405 US 995). These guidelines clearly permitted inquiry into whether the jurors would follow the court's instruction not to draw an adverse inference in the event that defendant did not testify.

Defendant failed to preserve his claim that the count upon which he was convicted was duplicitous in that it charged possession of both heroin and cocaine. Although defendant's argument is cast as a claim of unconstitutional lack of notice and failure to identify the crime for unanimity and double jeopardy purposes, we see no reason to exempt this claim from normal preservation requirements (*see, People v Iannone*, 45 NY2d 589; *People v Udzinski*, 146 AD2d 245, *lv denied* 74 NY2d 853), and we decline to review this claim in the interest of justice. Were we to review it, we would find that this count properly aggregated all the drugs simultaneously found in defendant's constructive possession (*see, People v Martin*, 153 AD2d 807, *lv denied* 74 NY2d 950) and did not deprive defendant of any constitutional right (*see, People v Charles*, 61 NY2d 321, 327).

The court properly denied defendant's request for a missing witness charge regarding the police chemist who originally tested the drugs. The totality of the record clearly establishes that the chemist was unavailable due to illness.

The People established a suitable chain of custody for the drugs (see, People v Julian, 41 NY2d 340). Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.