■ In the Matter of BOMANI L., a Person Alleged to be a Juvenile Delinquent, Appellant. [751 NYS2d 864] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) a fact-finding order of the Family Court, Queens County (Lubow, J.), dated April 23, 2002, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (two counts), grand larceny in the fourth degree (two counts), and criminal possession of stolen property in the fifth degree (two counts), and (2) an order of disposition of the same court, dated May 30, 2002, which, upon the fact-finding order, adjudicated him a juvenile delinquent and placed him in the custody of the Office of Children and Family Services for a period of 18 months.

Ordered that the appeal from the fact-finding order is

dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is modified, as a matter of discretion, by vacating the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree (two counts), grand larceny in the fourth degree (two counts), and criminal possession of stolen property in the fifth degree (two counts), and substituting therefor a provision adjudicating him a juvenile delinquent based upon a finding that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant contends that the evidence against him was legally insufficient to establish that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree. This argument is unpreserved for appellate review (*cf.* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792; *Matter of Frank C.,* 283 AD2d 643; *cf. People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish beyond a reasonable doubt that the appellant had the intent to steal, and participated in the acts which he was found to have committed (*see Matter of Juan Q.,* 260 AD2d 325, 326). Moreover, upon the exercise of our factual review power, we are satisfied that the findings of fact are not against the weight of the evidence (*cf.* CPL 470.15 [5]; *People v Garafolo,* 44 AD2d 86, 88).

As the presentment agency correctly concedes, the acts that the appellant was found to have committed were based on multiplicitous charges premised upon the same subdivisions of the same statutes, the same mental state, the same course of conduct, and the same victim (*see People v Aarons,* 296 AD2d 508; *People v Senisi,* 196 AD2d 376, 382). Thus, we modify the fact-finding order and order of disposition accordingly.

The appellant's remaining contentions are without merit (*see* Penal Law § 165.60 [2]; *People v Davis,* 277 AD2d 248; *People v Sidney,* 178 AD2d 445). Ritter, J.P., Goldstein, Crane and Mastro, JJ., concur.