In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated March 26, 2002, which, upon a fact-finding order of the same court dated February 8, 2002, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted *600 the crimes of assault in the second degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, adjudged her to be a juvenile delinquent and placed her in the custody of the Office of Children and Family Services for a period of 18 months. The appeal brings up for review the fact-finding order dated February 8, 2002.
Ordered that the appeal from so much of the order of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of 18 months is dismissed as academic, without costs or disbursements, as the period of placement has expired (see Matter of Wanji W., 305 AD2d 690 [2003]); and it is further,
Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The appellant’s contention that the evidence was not legally sufficient to support the Family Court’s finding that she committed acts which, if committed by an adult, would have constituted the crimes of assault in the second degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, is unpreserved for appellate review (see Matter of Bomani L., 300 AD2d 586, 587 [2002]). In any event, viewing the evidence in the light most favorable to the presentment agency (see Matter of Frank C., 283 AD2d 643, 643-644 [2001]), we find that it was legally sufficient to support the determination made in the fact-finding order. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses. Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see Matter of James B., 262 AD2d 480, 481 [1999]). Upon the exercise of our factual review power, we are satisfied that the determination was not against the weight of the evidence (cf. CPL 470.15 [5]). Florio, J.E, Friedmann, H. Miller and Mastro, JJ., concur.