■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS QUINONES, Appellant. [779 NYS2d 131]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered April 3, 2002, convicting him of rape in the first degree and course of sexual conduct against a child in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of course of sexual conduct against a child in the first degree under count three of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was accused, inter alia, of subjecting a child to a course of sexual abuse from September 1, 1998, to May 30, 1999, which was the period of time that the child was in the second grade. In the first count of the indictment, the defendant was charged with the crime of course of sexual conduct against a child in the first degree (see Penal Law § 130.75 [1] [a]), based on the alleged sexual abuse that took place from September 1, 1998, to December 31, 1998, when the child was in the first "half" of second grade. In the third count of the indictment, the defendant was charged with another count of the same crime, based on the alleged sexual abuse that took place from January 1, 1999, to May 30, 1999, when the child was in the second "half" of second grade. The defendant was ultimately convicted, inter alia, of both counts, and sentenced to consecutive prison terms of 25 years to life on each of these convictions.

The defendant contends that the indictment is impermissibly multiplicitous in light of these counts. However, this contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Cruz, 96 NY2d 857 [2001]; People v Aarons, 296 AD2d 508 [2002]). Nevertheless, under the circumstances, we reach the contention in our interest of justice jurisdiction.

The crime of course of sexual conduct against a child in the first degree is a continuing offense (see People v McLoud, 291 AD2d 867 [2002]). An indictment cannot charge a defendant with more than one count of a crime that can be characterized

as a continuing offense unless there has been an interruption in the course of conduct (*cf. Brown v Ohio,* 432 US 161 [1977]; *Ex Parte Snow,* 120 US 274 [1887]; *Matter of Johnson v Morgenthau,* 69 NY2d 148 [1987]). Here, the course of sexual abuse that took place during the time that the child was in the second grade was continuous. Under these circumstances, the first and third counts in the indictment, which are based on the same course of conduct, effectively charge the defendant with the same crime. Hence, the indictment is multiplicitous (*see People v Aarons, supra,* at 508; *People v Senisi,* 196 AD2d 376 [1994]; *see also Matter of Bomani L.,* 300 AD2d 586 [2002]; *People v Saunders,* 290 AD2d 461 [2002]; *People v Jackson,* 264 AD2d 857 [1999]). Accordingly, we vacate the conviction of criminal course of sexual conduct against a child in the first degree under count three of the indictment, dismiss the corresponding count, and vacate the sentence imposed thereon (*see People v Aarons, supra* at 508; *People v Senisi, supra* at 382).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]), and, in any event, without merit. Smith, J.P., Krausman, Adams and Skelos, JJ., concur.