■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMEL R. COOPER, Appellant. [794 NYS2d 745]—

Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered August 8, 2003, convicting defendant upon his plea of guilty of the crimes of criminally negligent homicide and criminal possession of a weapon in the third degree.

Defendant and a codefendant were involved in a bar fight which resulted in the fatal shooting of a patron of the bar. As a result of this incident, defendant waived indictment and agreed to be prosecuted by a superior court information charging him with criminally negligent homicide, criminal possession of a weapon in the third degree and criminal mischief in the third degree. He pleaded guilty to the first two counts in full satisfaction of the superior court information and another pending charge. Under the terms of the plea agreement, defendant faced

a maximum term of imprisonment of 1⅓ to 4 years for criminally negligent homicide and 2⅓ to 7 years for criminal possession of a weapon in the third degree, which County Court indicated could run consecutively. Prior to sentencing, it was discovered that defendant had given false testimony before a grand jury in connection with the indictment of the codefendant. Specifically, defendant had lied about knowing whether the gun which caused the victim's death was loaded at the time he drove the codefendant back to the bar. As a result, County Court sentenced him to the maximum prison terms on each count, to run consecutively. He now appeals.

We affirm. Inasmuch as the crimes to which defendant pleaded guilty constituted separate and distinct criminal acts, consecutive sentences were permissible (*see People v Rouse*, 4 AD3d 553, 557 [2004], *lv denied* 2 NY3d 805 [2004]). Moreover, given the tragic outcome of his senseless crimes and his lengthy criminal record, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see e.g. People v Cook*, 258 AD2d 738, 738 [1999]; *People v Davila*, 238 AD2d 625, 626 [1997]).

Crew III, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.