■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. ROBBINS, Appellant. [823 NYS2d 260]—

Mercure, J. Appeal from a judgment of the County Court of Tioga County (Sgueglia, J.), rendered May 28, 2004, upon a verdict convicting defendant of the crime of burglary in the third degree.

Defendant was charged in an indictment with burglary in the third degree after allegedly breaking into an unoccupied modular home in the Town of Nichols, Tioga County, and attempting to remove several fixtures. Following a *Sandoval* hearing conducted in defendant's absence, County Court determined that the People would be permitted to inquire into certain of

defendant's prior convictions and bad acts if he chose to testify. At the conclusion of a jury trial, at which defendant did not testify, he was found guilty of burglary in the third degree. County Court sentenced him to 2½ to 5 years in prison, to be served consecutively to a prison term imposed upon his violation of probation. Defendant appeals, and we now reverse and remit for a new trial.

Defendant argues that County Court improperly denied him his constitutional and statutory right to be present at a material stage of the criminal proceeding—the *Sandoval* hearing—requiring reversal of his conviction. The People concede that a defendant is entitled to be present at a *Sandoval* hearing and that counsel's purported waiver of that right was not valid (*see* CPL 260.20; *People v Dokes*, 79 NY2d 656, 661-662 [1992]; *see also People v Fabricio*, 3 NY3d 402, 406 [2004]). They assert, however, that reversal is not required because "the nature of . . . defendant's criminal history and the issues to be resolved at the *Sandoval* hearing render[ed] [his] presence superfluous" (*People v Dokes, supra* at 662). We disagree.

Following the *Sandoval* hearing conducted in defendant's absence, County Court ruled that the People would be permitted to question defendant regarding, among other things, his admission of an uncharged crime—that he stole property in 2003. Defendant evidently admitted in a letter to the District Attorney that he sold the stolen property in order to obtain sufficient funds to retain his attorney. Although he acknowledged that defense counsel was the attorney of record, defendant stated in the letter that he could no longer afford counsel's services and then made various admissions in an attempt to obtain leniency. Under these circumstances, defendant was in a unique position to provide details about the underlying facts surrounding the uncharged crime, his admissions and his conduct in sending the letter. Inasmuch as "the surrounding circumstances do not negate the possibility that defendant might have made a meaningful contribution to the colloquy" and the outcome of the hearing was "not wholly favorable" to defendant (*People v Favor*, 82 NY2d 254, 267 [1993]; *see People v Monclavo*, 87 NY2d 1029, 1031 [1996]; *People v Dokes, supra* at 662), his presence at the hearing cannot be deemed superfluous. Thus, in light of the People's concession that defendant did not validly waive his right to be present, a new trial is required, preceded by a *Sandoval* hearing at which defendant is present.

Defendant's remaining arguments are either unpreserved or rendered academic by our decision.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur.

Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Tioga County for further proceedings not inconsistent with this Court's decision.