■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. MILES, Appellant. [827 NYS2d 348]—

Lahtinen, J. Appeal from a judgment of the County Court of Chenango County (Ames, J.), rendered May 13, 2005, upon a verdict convicting defendant of the crimes of unlawful imprisonment in the first degree, menacing in the second degree, attempted assault in the second degree and criminal contempt in the first degree.

Following one of the many fights between the victim and defendant, her boyfriend, she reportedly started to leave the residence she shared with defendant when he grabbed and restrained her. He allegedly struck her, pushed her onto a bed, threatened to stab her, and held scissors near her chest while pulling her pants down. He then purportedly ripped off her underwear and announced that he was going to "take" sex from her. Near the beginning of the incident, the victim had dialed 911 and dropped the phone, thus, part of the conflict was recorded. As the police officer responding to the 911 call arrived, he recalled hearing through the apartment door defendant yelling, "Is this how you want to have sex, you fucking bitch?" The officer knocked on the door, defendant answered and claimed he had merely been trying to wrestle a bottle of pills away from the victim. The victim pleaded with the officer to help her and told him that defendant had assaulted and tried to rape her.

Defendant was arrested and, thereafter, despite an order of protection, he made a series of calls to the victim, some of which included threats. He was charged in a seven-count indictment, and a jury eventually found him guilty of unlawful imprison-

ment in the first degree, menacing in the second degree, attempted assault in the second degree, and criminal contempt in the first degree. County Court sentenced defendant, as a predicate felon, to prison terms of 1½ to 3 years on both the unlawful imprisonment and attempted assault convictions, six months on the menacing conviction, all to run concurrently, and a consecutive prison term of 1½ to 3 years for criminal contempt. Defendant appeals.

Defendant contends that a portion of the *Sandoval/ Ventimiglia* hearing occurred in his absence, depriving him of his right to be present at a material stage of the trial. A criminal defendant has the right to be present at all material stages of the criminal proceedings, and this includes *Sandoval* and *Ventimiglia* hearings (*see People v Spotford*, 85 NY2d 593, 596-597 [1995]; *People v Dokes*, 79 NY2d 656, 662 [1992]; *People v Robbins*, 33 AD3d 1129, 1130 [2006]). The *Sandoval/Ventimiglia* hearing commenced on the day before trial and defendant was present. During the *Sandoval* phase, County Court considered seven prior convictions, ruled that the People could question defendant about four, and directed the permissible scope of that questioning. After the *Ventimiglia* material was set forth, the court ruled on some issues and reserved on others so that it could conduct further research.

The following morning the attorneys met with County Court prior to jury selection. Defendant was not present. The court stated that the conference would be limited to matters of procedure and questions of law, and defense counsel consented to proceeding without defendant. Although defense counsel's waiver of defendant's presence with no indication of defendant's knowledge thereof would not be effective if the conference had included matters for which defendant had the right to be present (*see People v McMoore*, 203 AD2d 612, 614 [1994]), we find that, with one exception, the conference was limited as directed by County Court. The one exception was the People's effort to gain permission to introduce a purportedly threatening utterance made by defendant at his arraignment. This statement had not been discussed the prior day when defendant was present. However, County Court ruled in favor of defendant on this issue and, accordingly, reversal is not required (*see People v Smith*, 82 NY2d 254, 268 [1993]).

Defendant also argues that it was error to permit the People to introduce evidence of some of his prior bad acts of domestic violence perpetrated on the victim. To gain admission of such evidence, the initial issue—which is a question of law—is whether the People have shown that the evidence "is probative

of some legally relevant and material issue aside from the defendant's propensity to commit the crime charged" (*People v Wlasiuk*, 32 AD3d 674, 676 [2006], *lv dismissed* 7 NY3d 871 [2006]). If such a showing is made, a discretionary process ensues in which "the court must . . . weigh the evidence's probative worth against its potential for mischief to determine whether it should ultimately be placed before the fact finder" (*People v Hudy*, 73 NY2d 40, 55 [1988]). County Court determined that defendant's prior conduct toward the victim was relevant to the issue of intent, it weighed the probative value against the potential for prejudice, the court restricted considerably the scope of the evidence that the People sought to introduce, and it gave limiting instructions to the jury at trial. We are unpersuaded that County Court erred in its handling of this evidence (*see People v Poquee*, 9 AD3d 781, 782 [2004], *lv denied* 3 NY3d 741 [2004]; *People v Jau Kud Su*, 239 AD2d 703, 704 [1997], *lv denied* 90 NY2d 940 [1997]).

Nor are we persuaded that the verdict was against the weight of the evidence. Defendant's theory was that the argument stemmed from his efforts to take pills away from the victim, who admittedly had a substance abuse problem. The victim—although reluctant to do so—testified at trial and her testimony, together with the testimony of the police officer as well as the other evidence at trial, revealed a much different scenario than urged by defendant. After reviewing the evidence in a neutral light and weighing the relative probative force of conflicting evidence, we discern no reason to depart from the jury's verdict (*see People v Rivers*, 17 AD3d 934, 936 [2005], *lv denied* 5 NY3d 768 [2005]; *People v Bolarinwa*, 258 AD2d 827, 831 [1999], *lv denied* 93 NY2d 1014 [1999]).

Defendant's arguments regarding alleged evidentiary errors, as well as his assertion that the prosecutor engaged in prejudicial conduct, were not preserved for review by timely objections and we are not convinced that the exercise of our interest of justice jurisdiction is warranted as to such issues (*see People v Lee*, 16 AD3d 704, 705 [2005], *lv denied* 4 NY3d 887 [2005]; *People v Shook*, 294 AD2d 710, 712-713 [2002], *lv denied* 98 NY2d 702 [2002]).

Next, defendant asserts that he did not receive the effective assistance of counsel. We cannot agree. The constitutional guarantee is met when, viewed in totality, the representation afforded was meaningful (*see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Baldi*, 54 NY2d 137, 147 [1981]). "[C]ounsel's efforts should not be second-guessed with the clarity of hindsight and . . . our Constitution guarantees the accused a

fair trial, not necessarily a perfect one" (*People v Turner*, 5 NY3d 476, 480 [2005] [internal citations and quotation marks omitted]). Here, defense counsel, among other things, successfully advocated to keep out evidence of some of defendant's prior convictions, made sustained objections at trial, got one count reduced, and obtained acquittal on three counts (including the class C violent felony of attempted rape in the first degree). Upon review of all the relevant circumstances, we find that defendant received meaningful representation.

Finally, defendant's request that we modify his sentences to all run concurrently is rejected. Defendant received less than the maximum permissible sentences on the underlying crimes and County Court's decision to run the contempt sentence consecutively was legal and within its discretion, and there are no extraordinary circumstances justifying a modification (*see generally People v Cooper*, 18 AD3d 1025, 1026 [2005]).

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.