(January 18, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH PETTENGILL, Appellant. [828 NYS2d 643]—

Kane, J. Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered February 23, 2006, upon a verdict convicting defendant of the crime of criminal contempt in the first degree.

It is undisputed that defendant was aware of an order of protection which prohibited him from contacting or communicating with the victim. Following several short telephone calls during which defendant's nine-year-old daughter sought to speak to the victim's son, also defendant's son, the victim alleges that defendant got on the phone and threatened to kill the victim. Based on this incident, defendant was convicted of criminal contempt in the first degree.

The victim's testimony constituted legally sufficient evidence to support the conviction. Based on the stormy history between defendant and the victim, including prior acts and threats of violence, it was objectively reasonable that she experienced "reasonable fear" as a result of his death threat (Penal Law § 215.51 [b] [iii]; see People v Demisse, 24 AD3d 118, 119 [2005], lv denied 6 NY3d 833 [2006]).

The real question before the jury was whether the threatening phone call actually took place. Contrary to the victim's version, defendant's daughter testified that defendant never talked on the phone that night. While the victim was involved in tumultuous, on-going Family Court proceedings with defendant, defendant's daughter knew that defendant would be in trouble if he spoke to the victim and a conviction could affect visitation with his son. As a contrary result could have been reached under the evidence, we conducted an independent review of the evidence. Because each of these witnesses' motives to fabricate their testimony was revealed to the jury, after giving deference to the jury's credibility determinations, the weight of the evidence supports the jury's verdict (see People v Romero, 7 NY3d 633 [2006]; People v Boyce, 2 AD3d 984, 985-986 [2003], lv denied 2 NY3d 796 [2004]; People v Doherty, 305 AD2d 867, 868 [2003], lv denied 100 NY2d 580 [2003]).

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.