■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO MCCOWAN, Appellant. [845 NYS2d 160]—

Carpinello, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered March 23, 2006, upon a verdict convicting defendant of two counts of the crime of criminal contempt in the first degree.

Defendant was indicted on two counts of criminal contempt in the first degree in violation of Penal Law § 215.51 (b) (v) and (ii), stemming from allegations that he had contact with his ex-girlfriend (hereinafter the victim) in violation of an order of protection. Found guilty as charged by a jury and sentenced to concurrent prison terms of 2 to 4 years on each count, he now appeals. We affirm.

Defendant challenges the legal sufficiency of the evidence against him on both counts and also alternatively argues that the verdict on each was against the weight of the evidence. With respect to count 1, defendant specifically argues that the victim's testimony, if believed, established only verbal harassment on his part and, therefore, there was insufficient proof that he subjected her to "physical contact or attempt[ed] or threaten[ed]" physical contact to satisfy the elements of Penal Law § 215.51 (b) (v). With respect to count 2, defendant claims that the victim's testimony, if believed, established but one single event and did not establish "repeatedly following [the victim] or engaging in a course of conduct or repeatedly committing acts over a period of time" to satisfy the elements of Penal Law § 215.51 (b) (ii). We turn to the evidence.

At trial, it was established that the romantic relationship between defendant and the victim ended in March 2004. As a result of numerous instances of harassing and threatening behavior on his part following their breakup, an order of protection was issued in January 2005 which prohibited him from contacting or communicating with the victim. One afternoon in May 2005, the victim was driving her vehicle on a city street when she observed defendant's vehicle traveling in the opposite direction. Within seconds, defendant's vehicle was then directly behind her in traffic. As she idled behind two other cars at a red light, defendant jumped out of his car and began running toward her shouting obscenities. The victim was able to speed away.

Defendant, however, gave chase and began following her through the city. After traveling down various streets during what she repeatedly described as a "chase," the victim became fearful that she was going to either injure herself or a bystander in a car accident and she therefore pulled over and got out of her car. At this time, defendant again got out of his car and came at her. He was angry and shouting obscenities. He also threatened to kill her. As he neared her, she sprayed him with pepper spray, jumped back into her car and immediately drove to a nearby police station for assistance. The patrol officer on duty that afternoon testified that when the victim entered the station seeking help, she was very upset and distressed, sobbing and shaking uncontrollably.

Viewing this evidence in the light most favorable to the People, and according the People the benefit of every reasonable inference, we conclude that it was legally sufficient to support defendant's guilt on both counts (*see People v Thompson*, 72 NY2d 410, 413 [1988]; *People v Contes*, 60 NY2d 620, 621 [1983]), including the challenged elements (*see e.g. People v Eichele*, 258 AD2d 592, 593 [1999], *lv denied* 93 NY2d 969 [1999]; *Matter of Ivan F.*, 233 AD2d 210, 210-211 [1996]; *Matter of Luis A.*, 223 AD2d 505, 506 [1996], *lv denied* 88 NY2d 803 [1996]; *People v Perez*, 189 Misc 2d 516, 520 [2001]; *People v Murray*, 167 Misc 2d 857, 860-861 [1995]; *People v Payton*, 161 Misc 2d 170, 174 [1994]; *cf. People v Demisse*, 24 AD3d 118, 118-119 [2005], *lv denied* 6 NY3d 833 [2006]). Moreover, viewing the evidence in a neutral light and giving due deference to the jury's credibility determination, we find that the weight of the evidence supports the jury's verdict (*see* CPL 470.15 [5]; *People v Pettengill*, 36 AD3d 1070, 1071 [2007], *lv denied* 8 NY3d 948 [2007]; *People v Tomasky*, 36 AD3d 1025, 1026 [2007], *lv denied* 8 NY3d 927 [2007]; *see generally People v Bleakley*, 69 NY2d

490, 495 [1987]). Clearly, the jury found the victim credible and believed her testimony about the events which transpired that afternoon.

Finally, we also reject defendant's contention that County Court erred in admitting evidence of his prior bad acts of vandalism, harassment and threatening conduct toward the victim. Given the nature of the charges against him, the evidence was relevant to the issues of intent and motive (see People v Miles, 36 AD3d 1021, 1023 [2007], lv denied 8 NY3d 988 [2007]; People v Gorham, 17 AD3d 858, 860 [2005]) and further provided necessary background information (see People v Gorham, 17 AD3d at 860-861; People v Demchenko, 259 AD2d 304 [1999], lv denied 93 NY2d 923 [1999]). Moreover, County Court prudently restricted the number of incidents that the People could introduce, appropriately weighed their probative worth against their potential for prejudice and provided appropriate limiting instructions to the jury (see People v Miles, 36 AD3d at 1023; People v Demchenko, 259 AD2d at 304).

Mercure, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.