■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIEN JONES, Appellant. [900 NYS2d 8]—

Judgment, Supreme Court, New York County (Carol Berkman, J., on motions; Edwin Torres, J., at jury trial and sentence), rendered November 15, 2006, as amended November 27, 2006, convicting defendant of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony drug offender, to an aggregate term of six years, and order, same court and Justice, entered on or about June 21, 2007, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. We further find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The police entered an apartment pursuant to a search warrant and found 43 individual packages of cocaine and heroin in open view on the floor. Defendant was within 10 feet of the drugs, and had nearly $900 in his pocket. While a defense witness offered an explanation for defendant's possession of that much cash, the jury could have readily discredited that testimony. Although other persons were present during the police entry, the circumstances warranted the inference that defendant was, at least, a participant in a drug-selling operation and a constructive possessor of the drugs, rather than a customer or visitor (*see People v Bundy*, 90 NY2d 918, 920 [1997]).

Defendant did not preserve any of his challenges to alleged errors or omissions made by the court in its jury instructions, or to the scope of the People's expert testimony on the narcotics trade, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits, except that we find any deficiency in the court's charge on

expert witnesses to be harmless. Although defendant argues that his counsel was ineffective for failing to raise these unpreserved issues, we conclude that counsel's failure to do so did not deprive defendant of a fair trial or cause him any prejudice (*see People v Caban*, 5 NY3d 143, 155-156 [2005]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *compare People v Turner*, 5 NY3d 476 [2005]). Defendant has not shown that any of these applications would have been successful, or that any of them would have affected the outcome of the case. Accordingly, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

The court properly denied defendant's suppression motion without a hearing. Regardless of whether defendant established his standing to suppress any evidence, he was not entitled to a hearing under *People v Darden* (34 NY2d 177 [1974]) because the record sufficiently establishes that the judge who issued the search warrant verified the informant's existence (*see People v Edwards*, 95 NY2d 486, 493 [2000]), and he did not set forth a factual basis for any other type of hearing. Concur—Tom, J.P., Mazzarelli, Nardelli, Acosta and Renwick, JJ.