■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL RAMOS, Appellant. [938 NYS2d 54]—

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). The circumstances, viewed as a whole, supported the conclusion that defendant was a participant in a drug-selling operation being conducted out of a vacant apartment, and that he was a possessor of a large quantity of drugs contained in a knapsack in the apartment (*see People v Jones*, 72 AD3d 452 [2010], *lv denied* 15 NY3d 806 [2010]).

The People's summation did not deprive defendant of his right to a fair trial. Given the context, the prosecutor's reference to the dangers of undercover police work was not a "safe streets" argument (*see People v Brown*, 17 NY3d 742, 743 [2011]). Instead, this line of argument was a permissible rebuttal to defendant's argument that the police paperwork was inadequate (*see People v Chandler*, 265 AD2d 239 [1999], *lv denied* 94 NY2d 902 [2000]). The prosecutor's comment on the codefendant's absence at trial was improper, but this isolated error was not so prejudicial as to warrant a new trial, particularly since the court's jury charge included an admonition to draw no inference from the codefendant's absence. Defendant's remaining challenges to the prosecutor's summation are unpreserved (*see People v Romero*, 7 NY3d 911, 912 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Andrias, DeGrasse and Richter, Abdus-Salaam JJ.