■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY THOMAS, Appellant. [949 NYS2d 634]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered July 15, 2004, convicting him of at-

tempted murder in the second degree, gang assault in the first degree, assault in the first degree, burglary in the first degree, and criminal possession of a weapon in the fourth degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that the Supreme Court failed to adequately explore his waiver of an alleged conflict of interest stemming from the fact that his trial attorney had in the past represented one of the prosecution witnesses in an unrelated civil matter. The record reveals that this potential conflict was fully disclosed by counsel and adequately explored by the Supreme Court, after which the defendant knowingly, intelligently, and voluntarily elected to continue being represented by counsel (*see People v Wandell*, 75 NY2d 951, 952-953 [1990]; *People v McDonald*, 68 NY2d 1, 8 [1986]; *People v Corona*, 173 AD2d 484, 485 [1991]).

The defendant's contentions concerning an alleged *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]), and relating to the prosecutor's summation, are unpreserved for appellate review, and, in any event, without merit.

The defendant's remaining contentions are without merit. Skelos, J.P., Balkin, Lott and Miller, JJ., concur.