People v Lenihan (2015 NY Slip Op 01289)





People v Lenihan


2015 NY Slip Op 01289


Decided on February 11, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
THOMAS A. DICKERSON
JEFFREY A. COHEN
BETSY BARROS, JJ.


2010-09637
 (Ind. No. 1714/08)

[*1]The People of the State of New York, respondent, 
v
Karon Lenihan, appellant.


Lynn W. L. Fahey, New York, N.Y. (Barry Stendig of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, N.Y. (John M. Castellano, Sharon Y. Brodt, Johnnette Traill, Jeanette Lifschitz, and Roni C. Piplani of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered September 21, 2010, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the People failed to present legally sufficient evidence to sustain his conviction of murder in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial by certain of the prosecutor's summation remarks is unpreserved for appellate review (see CPL 470.05[2]). In any event, the prosecutor's comments did not deprive the defendant of a fair trial, as the challenged remarks were fair comment on the evidence, responsive to the defense summation, and remained within the broad bounds of rhetorical comment permissible in closing arguments (see People v Galloway, 54 NY2d 396, 399; People v Ashwal, 39 NY2d 105, 109-110; People v McGowan, 111 AD3d 850, 851).
The record shows that defense counsel provided meaningful representation to the defendant and, thus, the defendant was not deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
DILLON, J.P., DICKERSON, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court