■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HALEY MASSILLON, Appellant. [26 NYS3d 884]—Appeal by the defendant from an amended judgment of the County Court, Suffolk County (Doyle, J.), rendered October 5, 2010, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the amended judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is only partially preserved for appellate review (*see People v Krut*, 133 AD3d 781, 783 [2015]). In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

There is no merit to the defendant's contention that the County Court failed to adequately explore his waiver of an alleged conflict of interest arising from the past representation of the complainant by the defendant's trial attorney's office, the Legal Aid Society, in an unrelated criminal matter (*see People v Thomas*, 98 AD3d 594, 595 [2012]).

The defendant's remaining contentions, concerning certain evidentiary rulings, are largely unpreserved for appellate review and, in any event, either are without merit or constitute harmless error. Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.