The People of the State of New York, Respondent,
against
Rozell Sweet, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Geraldine Pickett, J.), rendered June 11, 2013, after a jury trial, convicting him of driving while impaired (see Vehicle and Traffic Law 1192[1]) and operating a motor vehicle while under the influence of alcohol or drugs (see Vehicle and Traffic Law 1192[3]), and imposing sentence.




Per Curiam.
Judgment of conviction (Geraldine Pickett, J.), rendered June 11, 2013, affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's credibility determinations.
The court properly denied defendant's request for a missing witness charge. The People made a sufficient showing that the officer in question was unavailable, since she had sustained a line-of-duty injury and was "currently on many pain medications" (see People v Gonzalez, 68 NY2d 424, 428 [1986]; People v Turner, 294 AD2d 192 [2002], lv denied 98 NY2d 732 [2002]; People v Maldonado, 271 AD2d 328, 329 [2000], lv denied 95 NY2d 867 [2000]), and that her testimony would have been cumulative (see People v Gonzalez, 68 NY2d at 427 [1986]; People v Lubrano, 43 AD3d 829 [2007], lv denied 9 NY3d 991 [2007]).
Defendant did not preserve any of his challenges to alleged errors or omissions made by the trial court in its receipt of purportedly expert testimony from the arresting officer, and in its jury instructions (see People v Tevaha, 84 NY2d 879, 881 [1994]; People v Jones, 72 AD3d 452, 452 [2010], lv denied 15 NY3d 806 [2010]; People v Rincon, 288 AD2d 9, 9 [2001]), and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The arresting officer properly offered opinion testimony as to defendant's state of intoxication, as well as defendant's failure to perform the coordination test (see People v Cruz, 48 [*2]NY2d 419, 428 [1979], appeal dismissed 446 US 901 [1980]; People v DiNonno, 171 Misc 2d 335, 336 [1997]), and the court was not required to give a limiting instruction and an expert witness charge to the jury with respect to that testimony.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: April 22, 2016