■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT YOUNG, Appellant. [35 NYS3d 248]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered November 13, 2007, convicting him of stalking in the third degree, criminal contempt in the first degree (22 counts), stalking in the second degree, criminal possession of a weapon in the fourth degree, menacing in the second degree, criminal trespass in the second degree, endangering the welfare of a child, aggravated harassment in the second degree (two counts), and criminal mischief in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of criminal contempt in the first degree under counts 4, 5, 6, 7, 8, 9, 10 and 11 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant's challenges to the prosecutor's remarks during her opening statement and summation are unpreserved for appellate review, since he either failed to object to the remarks at issue, or made only general objections and failed to request further curative relief when his objections were sustained (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]). In any event, the defendant's contention is without merit, as the challenged remarks were either within the broad bounds of permissible rhetorical comment, fair comment on the evidence and the reasonable inferences to be drawn therefrom, or responsive to arguments presented in the defense summation (see People v Blue, 136 AD3d 840, 840 [2016]; People v Barber, 133 AD3d 868, 871 [2015]; People v Lenihan, 125 AD3d 788, 789 [2015]; People v Williams, 123 AD3d 1152, 1153 [2014]). Contrary to the defendant's contention, the prosecutor asking the jury to "send this defendant a message that he cannot ignore and find him guilty of all counts," did not constitute a "safe streets" argument (see People v Caba, 101 AD3d 896, 896 [2012]; People v Ramos, 92 AD3d 445, 446 [2012]; People v Lopez, 69 AD3d 958, 958 [2010]; People v Clark, 52 AD3d 860, 863 [2008]). In addition, the prosecutor's remarks in summation could not have been interpreted by the jury as an instruction on the law, since the prosecutor had previously stated that the court would instruct them on the law, and because the court repeatedly advised the jurors that it would instruct them on the law (see People v Din, 62 AD3d 1023, 1024 [2009]; People v Giuca, 58 AD3d 750, 751 [2009]; People v Delphin, 26 AD3d 343, 343 [2006]; People v Rosenblitt, 198 AD2d 382, 383 [1993]).

The defendant's contention that his convictions of criminal contempt in the first degree under Penal Law § 215.51 (b) (iii) were not supported by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that the verdict of guilt of those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The criminal contempt convictions were based on letters the defendant sent from prison to the victim. Although most of those letters did not contain explicit threats, the inherent menace in the letters becomes apparent when viewed in the broader context of the proof in this case (*see People v Clark*, 65 AD3d 755, 758 [2009]; *People v McCowan*, 45 AD3d 888, 889 [2007]). In particular, the evidence presented at trial established that the defendant repeatedly harassed and threatened the victim following their breakup, and, on one occasion, held a knife to her throat and threatened to kill her. Based on the foregoing, the jury's conclusion that the defendant intended to place the victim "in reasonable fear of physical injury, serious physical injury or death" (Penal Law § 215.51 [b] [iii]) was not against the weight of the evidence (*see People v Roblee*, 122 AD3d 1261, 1262-1263 [2014]; *People v Clark*, 65 AD3d at 758; *People v McCowan*, 45 AD3d at 889; *People v Tomasky*, 36 AD3d 1025, 1026 [2007]).

Contrary to the People's contention, the defendant preserved for appellate review his assertion that eight of the nine counts charging him with criminal contempt in the first degree under Penal Law § 215.51 (b) (iv) were multiplicitous (*see People v Jagdharry*, 118 AD3d 722, 723 [2014]). An indictment is multiplicitous " 'when a single offense is charged in more than one count' " (*People v Barber*, 133 AD3d at 869, quoting *People v Alonzo*, 16 NY3d 267, 269 [2011]). In addition, "[a]n indictment cannot charge a defendant with more than one count of a crime that can be characterized as a continuing offense unless there has been an interruption in the course of conduct" (*People v Quinones*, 8 AD3d 589, 589-590 [2004]; *see People v Hoffman*,

130 AD3d 1152, 1153 [2015]; *People v Atta*, 126 AD3d 713, 715-716 [2015]). Here, counts 4, 5, 6, 7, 8, 9, 10 and 11 of the indictment are multiplicitous of count three since those counts allege a continuous offense consisting of the defendant's repeated telephone calls, over a nine-month period, with the intent to harass, annoy, threaten, or alarm the victim (*see* Penal Law § 215.51 [b] [iv]). The dates used by the prosecution to divide the counts did not establish that there was an interruption in the course of conduct (*see People v Beltran*, 110 AD3d 153, 163 [2013]; *People v Quinones*, 8 AD3d at 590). Although the People are correct that dismissal of the multiplicitous counts would have no effect on the length of the defendant's incarceration since the defendant received concurrent sentences on the counts at issue, those convictions were " 'an impermissible punishment' " (*People v Campbell*, 120 AD3d 827, 828 [2014], quoting *Ball v United States*, 470 US 856, 865 [1985]), and therefore, must be vacated.

Finally, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.