■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BEER, Appellant. [47 NYS3d 38]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered August 26, 2014, convicting him of manslaughter in the second degree (four counts), reckless driving, and reckless endangerment in the second degree, upon a jury verdict, operating a motor vehicle without a license, upon a nonjury verdict, and aggravated vehicular homicide and operating a motor vehicle while ability impaired by drugs, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The credibility determinations of a hearing court are accorded deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Norman*, 142 AD3d 1107 [2016]; *People v Festus*, 133 AD3d 876, 877 [2015]). Here, the hearing court properly denied that branch of the defendant's omnibus

motion which was to suppress his cell phone based on the testimony of a New York State Trooper indicating that he recovered the cell phone from the front seat of the defendant's vehicle pursuant to an inventory search of that vehicle (*see People v Galak*, 80 NY2d 715, 718-719 [1993]; *People v Meyers*, 80 AD3d 715, 716 [2011]; *People v Tandle*, 71 AD3d 1176, 1178 [2010]; *People v Kearney*, 288 AD2d 398 [2001]). The hearing court's decision to credit the New York State Trooper's testimony, including his testimony that he did not conduct a warrantless search of the contents of the cell phone, is supported by the record and we decline to disturb it (*cf. Riley v California*, 573 US —, 134 S Ct 2473 [2014]; *People v Marinez*, 121 AD3d 423 [2014]).

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions of manslaughter in the second degree is only partially preserved for appellate review (*see People v Massillon*, 137 AD3d 1169, 1169 [2016]; *People v Krut*, 133 AD3d 781, 783 [2015]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the second degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the trial court providently exercised its discretion in permitting the People to present certain text messages during their case-in-chief since the probative value of that evidence outweighed the risk of prejudice to the defendant (*see People v Molineux*, 168 NY 264, 291 [1901]; *cf. People v Bradley*, 20 NY3d 128 [2012]; *People v Licitra*, 47 NY2d 554 [1979]; *People v Kenny*, 175 AD2d 404 [1991]). In addition, the trial court's limiting instruction to the jury served to alleviate any prejudice resulting from the admission of that evidence (*see People v Holden*, 82 AD3d 1007, 1008 [2011]). In any event, any error in the admission of the text messages was harmless beyond a reasonable doubt, as there was overwhelming evidence of the defendant's guilt of the crimes of which he was convicted, and no significant probability

that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant's contention that he was deprived of a fair trial by certain statements made by the prosecutor during the People's opening statement and summation is not preserved for appellate review since the defendant either failed to object to the remarks at issue, or made only general objections and failed to request further curative relief when his objections were sustained (*see* CPL 470.05 [2]; *People v Young*, 141 AD3d 551, 552 [2016]). In any event, the defendant's contention is without merit, as the challenged remarks were either within the broad bounds of permissible rhetorical comment, fair comment on the evidence and the reasonable inferences to be drawn therefrom, or responsive to arguments presented in the defense summation (*see People v Young*, 141 AD3d at 552; *People v Blue*, 136 AD3d 840, 840 [2016]).

"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (*People v Mullings*, 83 AD3d 871, 872 [2011] [internal quotation marks omitted]; *People v Ortega*, 114 AD2d 912, 912 [1985]; *see People v Ciminera*, 202 AD2d 684 [1994]; *People v Carter*, 143 AD2d 925, 926 [1988]). Here, we find no basis for disturbing the Supreme Court's determination to deny youthful offender status (*see People v Crew*, 114 AD3d 696 [2014]; *People v Mullings*, 83 AD3d at 872; *People v Noboa*, 280 AD2d 558 [2001]; *People v Johnson*, 220 AD2d 775, 776 [1995]; *People v Vera*, 206 AD2d 494 [1994]). Dillon, J.P., Leventhal, Cohen and Miller, JJ., concur.