■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARZIE WADE, Appellant. [790 NYS2d 794]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered December 4, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the third degree (Penal Law § 140.20) and sentencing him, as a second felony offender, to a term of imprisonment of 3½ to 7 years. The contention of defendant that the evidence adduced at trial is not legally sufficient to establish his guilt is not preserved for our review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]).

Contrary to the further contention of defendant, the verdict is not against the weight of the evidence. To determine whether a verdict is supported by the weight of the evidence, this Court must determine whether "based on all the credible evidence a different finding would not have been unreasonable" (*People v Bleakley*, 69 NY2d 490, 495 [1987]) and, if so, " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*id.*, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]). DNA from blood found at the scene of the burglary matched defendant's DNA profile, and defendant's fingerprints were found at the crime scene as well. "The testimony of the People's witnesses provided reasonable assurances of the identity and unchanged condition of those items, and any deficiencies in the chain of custody of those items went to the weight to be accorded those items, not their admissibil-

ity" (*People v Madison*, 8 AD3d 956, 957 [2004], *lv denied* 3 NY3d 709 [2004]). Here, the People's witnesses provided adequate assurances through their testimony of the identity and unchanged condition of the evidence and the absence of tampering with the latent fingerprints and blood evidence found at the crime scene. Weighing the testimony and the inferences that may be drawn therefrom, we conclude that the verdict is not against the weight of the evidence.

Finally, we reject defendant's contention that the sentence is unduly harsh or severe. Penal Law § 70.06 (3) (d) provides that, for a second felony offender, the maximum term of an indeterminate sentence for a class D felony "must be at least four years and must not exceed seven years." The minimum period of imprisonment "must be fixed by the court at one-half of the maximum term imposed" (§ 70.06 [4] [b]). Considering defendant's lengthy criminal history, we conclude that defendant's sentence, which is the maximum permitted by the statute, is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.