■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANSING DE FAYETTE, Appellant. [810 NYS2d 260]—

Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered April 12, 2005, which resentenced defendant following his conviction of the crime of reckless endangerment in the first degree.

Defendant was convicted after a jury trial of reckless endangerment in the first degree and was sentenced as a second felony offender to 3½ to 7 years in prison. On appeal, this Court ruled that defendant should not have been sentenced as a second felony offender because no second felony offender statement was filed by the People prior to sentencing (16 AD3d 708 [2005], *lv denied* 4 NY3d 885 [2005]). Consequently, the sentence was vacated and the matter remitted to County Court for resentencing (*id.*). After the People properly filed a second felony offender statement pursuant to CPL 400.21, County Court resentenced defendant as a second felony offender to 3½ to 7 years in prison.

Defendant's sole argument on appeal is that the sentence is harsh and excessive. Based upon our review of the record, we disagree. Defendant has an extensive criminal record spanning over 30 years as well as a serious alcohol problem for which

treatment has been unsuccessful. His recent criminal conduct has been characterized by domestic violence and his most recent conviction was for a crime involving a violent attack upon his paramour that caused her physical injury. In view of this, County Court was fully justified in imposing the maximum sentence (*see People v Wade*, 16 AD3d 1170, 1171 [2005], *lv denied* 5 NY3d 795 [2005]), and we do not find that extraordinary circumstances exist warranting a reduction of the sentence in the interest of justice (*see People v Gray*, 13 AD3d 907, 907-908 [2004]; *People v Vreeken*, 252 AD2d 683 [1998], *lv denied* 92 NY2d 907 [1998]; *see also People v Tunstall*, 197 AD2d 791, 793 [1993], *lv denied* 83 NY2d 811 [1994]).

Cardona, P.J., Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.