■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN FELICIANO, Appellant. [811 NYS2d 587]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Roman, J.), rendered May 24, 2004, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecution failed to

disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Wimberly*, 19 AD3d 518, 519 [2005]; *People v Douglas*, 17 AD3d 380, 381 [2005]; *People v Wahedi*, 301 AD2d 541 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution, as we must (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (*see* Penal Law § 35.15; *People v Douglas, supra* at 381; *People v Manning*, 8 AD3d 298, 298-299 [2004]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84 [1903]; *People v Douglas, supra* at 381; *People v Manning, supra* at 298-299; *People v Henry*, 244 AD2d 424, 425 [1997]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Douglas, supra* at 381; *People v Manning, supra* at 298-299; *People v Henry, supra* at 425; *People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Krausman, J.P., Spolzino, Lifson and Dillon, JJ., concur.