■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH W. SPEAR, Appellant. [828 NYS2d 706]—

Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered June 14, 2005 in Essex County, convicting defendant upon his plea of guilty of the crime of contempt in the first degree and resentencing him following his conviction of the crimes of contempt in the second degree and attempted assault in the second degree.

Following his physical assault upon his long-term girlfriend at her home in March 2005, defendant was charged with violating the terms of his probation which had been imposed with respect to his prior convictions of contempt in the second degree and attempted assault in the second degree, also relating to the same victim. As a result of the March 2005 incident, defendant agreed

---

to be prosecuted by a superior court information charging him with, among other things, contempt in the first degree. Pursuant to the terms of a plea agreement, defendant pleaded guilty to contempt in the first degree in full satisfaction of the charges contained in the superior court information, waived his right to appeal on that count and was sentenced as a second felony offender to 1½ to 3 years in prison. In addition, as agreed, defendant pleaded guilty to both probation violations with no promises regarding resentencing on the underlying convictions. He was also advised that the sentences on all convictions could potentially run consecutively. Upon his plea to the violation petitions, defendant was resentenced (as a first time felony offender) to 1 to 3 years in prison on the second degree attempted assault conviction, and one year on the second degree contempt conviction. Supreme Court further directed that the sentence on the first degree contempt conviction run consecutive to the sentence on the second degree attempted assault conviction and that the one-year sentence on the second degree criminal contempt conviction run concurrently with the sentences on the other two convictions. Defendant appeals.

We affirm. Initially, as defendant executed a waiver of his right to appeal limited to the first degree contempt conviction, he has relinquished the claim that the sentence for that conviction should be reduced in the interest of justice (*see People v Lopez*, 6 NY3d 248, 255-256 [2006]; *People v Clow*, 10 AD3d 803 [2004]). We are not persuaded by defendant's assertion that the resentences imposed on the probation violations are harsh and excessive or that Supreme Court should have directed that all sentences run concurrently. Defendant has exhibited a disturbing pattern of domestic violence toward his girlfriend, the mother of his two children, continuing over many years and to which some of her other six children have been subjected. He committed the most recent offense while he was on probation and two orders of protection were in place. He was fully advised of the possibility that consecutive sentences could be imposed when he pleaded guilty to all of the charges. Inasmuch as we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice, we decline to disturb the judgment of conviction (*see e.g. People v De Fayette*, 27 AD3d 840, 841 [2006], *lv denied* 7 NY3d 754 [2006]; *People v Wormuth*, 3 AD3d 596, 597 [2004]).

Mercure, J.P., Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.