■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEWLETT D. BREWSTER, Appellant. [849 NYS2d 902]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered February 22, 2005, convicting him of burglary in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]; *People v Feliciano,* 28 AD3d 492, 492-493 [2006]; *People v Douglas,* 17 AD3d 380, 381 [2005]; *People v Soto,* 8 AD3d 683, 684 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the third degree beyond a reasonable doubt (*see People v Walker,* 28 AD3d 690 [2006]; *People v Wade,* 16 AD3d 1170 [2005]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Furthermore, the trial court's circumstantial evidence charge adequately conveyed to the jury the principle that it must appear that the inference of guilt was the only one that could fairly and reasonably be drawn, and the evidence had to exclude beyond a reasonable doubt every hypothesis of innocence (*see People v Ford,* 66 NY2d 428 [1985]; *People v Rodriguez,* 232 AD2d 662 [1996]). Contrary to the defendant's contention, "it was not necessary that [the] circumstantial evidence charge use the words 'moral certainty' " (*People v Ford,* 66 NY2d 428, 441 [1985], quoting *People v Sanchez,* 61 NY2d 1022, 1024 [1984]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.