(June 12, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR SOLER, Appellant. [859 NYS2d 514]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered December 8, 2005 in Albany County, upon a verdict convicting defendant of the crimes of criminal contempt in the first degree and aggravated harassment in the second degree.

Defendant appeals from his conviction of the crimes of criminal contempt in the first degree and aggravated harassment in the second degree claiming that neither conviction was supported by legally sufficient evidence, the verdict sheet provided to the jury was misleading and the sentence imposed was harsh and excessive. Because none of these claims has merit, we affirm the judgment of conviction.

Within the first year of his marriage to the victim, defendant was charged and subsequently convicted of a felonious assault on her. A jail sentence was imposed and an order of protection was issued directing defendant to stay away from and avoid any contact with the victim. In April 2005, the victim received numerous telephone calls from defendant at her place of employment during which he is alleged to have threatened to assault her. Ultimately, the victim reported these calls to the police which resulted in defendant's arrest and subsequent indictment to the crimes of criminal contempt in the first degree (two counts), stemming from his violation of the order of protection, and aggravated harassment in the second degree (five counts). After a jury trial, defendant was convicted of one count of each charge and was subsequently sentenced as a predicate felon to concurrent terms of two years in prison for the criminal contempt conviction and one year for the aggravated harassment conviction.* Supreme Court also issued an order of protection directing defendant to stay away from or avoid any contact with the victim until December 2012.

In this appeal, defendant initially claims that the evidence introduced at trial was not legally sufficient to convict him of either charge. We disagree. As to the charge of criminal contempt in the first degree, the People were required to establish that defendant (1) had been duly served with the order of protection, (2) was aware of and had actual knowledge of its contents, (3) had "repeatedly [made] telephone calls to [the victim], whether or not a conversation ensue[d], with no purpose of legitimate communication," and (4) made the calls "with intent to harass, annoy, threaten or alarm [the victim]" (Penal Law § 215.51 [b]

---

* This prison term was to run consecutively with any remaining term defendant owed on his prior felony assault conviction.

[iv]). With respect to the aggravated harassment conviction, the People were required to establish that defendant "communicate[d] with [the victim], anonymously or otherwise, by telephone . . . in a manner likely to cause annoyance or alarm" (Penal Law § 240.30 [1] [a]).

Initially, defendant's signature acknowledging receipt of the order of protection establishes that it was served and that he was on notice as to its contents (*see People v Inserra*, 4 NY3d 30, 33 [2004]). The victim, at trial, testified that during April 2005, defendant telephoned her at her place of employment between 10 and 20 times. She further testified that she recognized his voice and that during these telephone calls, defendant would often threaten her if she did not talk to him. She stated that the calls would "stress [her] out" and that she would "start shaking, [she] would cry, try to stay as calm as [she] could because [she] was at work." Moreover, contrary to defendant's claim that he made only one phone call to the victim after her grandfather died, the victim testified that defendant called her numerous times over a one-month period and, on more than one occasion, threatened her with physical harm. She testified specifically that on May 4, 2005, she told defendant that he had left her with no choice and she would contact the police if he continued to harass her at work. In response, defendant stated, "I want to smack you, bitch." This evidence, when viewed in a light most favorable to the People, and according the People the benefit of every reasonable inference, was legally sufficient to support the jury's verdict on both counts (*see People v McCowan*, 45 AD3d 888, 889 [2007], *lv denied* 9 NY3d 1007 [2007]; *People v Pettengill*, 36 AD3d 1070, 1071 [2007], *lv denied* 8 NY3d 948 [2007]; *People v Tomasky*, 36 AD3d 1025, 1026 [2007], *lv denied* 8 NY3d 927 [2007]). To the extent that defendant challenges the victim's credibility, these arguments were made at trial and, by its verdict, the jury unanimously rejected them. We find no reason in the record to disturb that finding (*see People v Pettengill*, 36 AD3d at 1070; *People v Tomasky*, 36 AD3d at 1026).

Similarly unavailing is defendant's claim that the verdict sheet was misleading because it did not specify a date, time and location for when the criminal contempt was alleged to have occurred. When Supreme Court indicated that it would include this data on the verdict sheet only if both parties consented, defendant took no position and neither side gave its consent to this information being included on the verdict sheet—or, more importantly, objected to its exclusion (*see People v Washington*, 9 AD3d 499, 501 [2004], *lv denied* 3 NY3d 682 [2004]; *People v Williamson*, 267 AD2d 487, 491 [1999], *lv denied* 94 NY2d 886

[2000]). In any event, the court specifically instructed the jury that to find defendant guilty of criminal contempt in the first degree, it needed to find that defendant's actions occurred during the "month of April, 2005, at 1373 Broadway in the Village of Menands, County of Albany," thereby providing the clarifying information.

Finally, we also reject defendant's contention that his sentence was harsh and excessive. Defendant was sentenced, as a second felony offender, to a prison sentence of 2 to 4 years. He claims that while he has a prior criminal record, his first two arrests involved nonviolent drug offenses and there is "no allegation of any violence regarding the present conviction." However, defendant's criminal history includes at least two prior felony convictions, one of which was for an assault perpetrated with the intent to inflict physical injury upon another with a weapon. In addition, he has a history of involvement in domestic violence and has a prior felony conviction for aggravated criminal contempt as well as at least one other arrest alleging violation of an order of protection. Based upon the record, we find no reason to disturb the sentence imposed (*see People v Strong*, 27 AD3d 1010, 1013 [2006], *lv denied* 7 NY3d 763 [2006]; *People v Fletcher*, 309 AD2d 1085, 1086 [2003], *lv denied* 1 NY3d 571 [2003]). We have reviewed defendant's remaining contentions and find them lacking in merit.

Cardona, P.J., Mercure, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.

