■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS HOLMES, Appellant. [865 NYS2d 588]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (DiMango, J.), imposed April 25, 2007, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed. No opinion. Prudenti, P.J., Rivera, Dillon, McCarthy and Belen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY JENKINS, Appellant. [864 NYS2d 328]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered November 7, 2005, convicting him of burglary in the second degree, petit larceny, and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of burglary in the second degree (*see* Penal Law § 140.25 [2]; *People v Brewster*, 48 AD3d 590 [2008]), petit larceny (*see* Penal Law § 155.25; *People v Dixon*, 244 AD2d 352 [1997]; *People v Johnson*, 218 AD2d 710 [1995]) and criminal mischief in the fourth degree (*see* Penal Law § 145.00 [1]; *People v Johnson*, 227 AD2d 717, 719 [1996]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

The defendant's remaining contention that he was denied his Sixth Amendment right to confront a witness is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kello*, 96 NY2d 740, 743-744 [2001]). Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur.