■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MOSLEY, Appellant. [896 NYS2d 185]—

Peters, J. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered January 28, 2009, which resentenced defendant following his conviction upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and attempted assault in the second degree.

Defendant pleaded guilty to criminal sale of a controlled substance in the third degree and attempted assault in the second degree. He was sentenced in accordance with the negotiated plea agreement to 11 years in prison and three years of postrelease supervision for the criminal sale conviction and 2 to 4 years in prison for the attempted assault conviction, with the prison terms ordered to run concurrently. On appeal, this Court ruled that defendant had not been properly sentenced as a second felony offender because the mandates of CPL 400.21 had not been satisfied (*People v Mosley*, 54 AD3d 1098, 1099 [2008]). Consequently, the sentence was vacated and the matter remitted to County Court for resentencing (*id.*). After the People properly filed a second felony offender statement pursuant to CPL 400.21, County Court resentenced defendant as a second felony offender to the agreed-upon, aggregate 11-year prison

term followed by three years of postrelease supervision. Defendant appeals.

We note preliminarily that defendant overtly thwarted his attorney's attempt to file a motion to withdraw his plea and repeatedly insisted on being sentenced in accordance with the negotiated plea agreement (*see generally People v Ruddy*, 51 AD3d 1134, 1135 [2008], *lv denied* 12 NY3d 787 [2009]). Turning to the merits, contrary to defendant's protestations otherwise, "a predicate felon is precluded from being sentenced as a first time offender regardless of the [People's failure] to file the predicate felony statement" (*People v May*, 180 AD2d 974 [1992] [internal quotation marks and citation omitted]). Here, although defendant controverted his status as a second felony offender upon remittal, County Court conducted a hearing and the People presented a certificate of conviction indicating that defendant was convicted of attempted burglary in the third degree in 1999. Despite myriad opportunities to be heard in regard to the prior conviction, defendant failed to challenge its constitutionality and, thus, County Court properly resentenced him as a second felony offender (*see People v Pelkey*, 63 AD3d 1188, 1190 [2009], *lv denied* 13 NY3d 748 [2009]; *People v Pierre*, 45 AD3d 1056, 1057-1058 [2007], *lv denied* 9 NY3d 1037 [2008]).

Defendant's claim that his sentence is harsh and excessive is similarly unavailing (*see People v De Fayette*, 27 AD3d 840, 840-841 [2006], *lv denied* 7 NY3d 754 [2006]; *People v Therrien*, 301 AD2d 751, 752-753 [2003], *lv denied* 99 NY2d 633 [2003]).

Cardona P.J., Spain, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.