# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

619

KA 12-01559

PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

JAMES F. WEBB, DEFENDANT-APPELLANT.

---

JEREMY D. SCHWARTZ, BUFFALO, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered August 2, 2012. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree and criminal contempt in the second degree (four counts).

It is hereby ORDERED that the judgment so appealed from is modified on the law by reversing that part convicting defendant of criminal contempt in the first degree (Penal Law § 215.51 [b] [iv]) and dismissing the first count of the indictment and as modified the judgment is affirmed and the matter is remitted to Genesee County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of one count of criminal contempt in the first degree (Penal Law § 215.51 [b] [iv]) and four counts of criminal contempt in the second degree (§ 215.50 [3]), arising from defendant's violation of an order of protection directing him, inter alia, to refrain from communicating by telephone with his former girlfriend, the mother of defendant's child. We agree with defendant that the evidence is legally insufficient to support the conviction of criminal contempt in the first degree. Even assuming, arguendo, that the evidence is legally sufficient to establish that defendant repeatedly made telephone calls to his ex-girlfriend, we agree with him that the evidence is legally insufficient to establish that he intended by those calls to harass, annoy, threaten or alarm her, with no purpose of legitimate communication (*see* § 215.51 [b] [iv]; *People v VanDeWalle*, 46 AD3d 1351, 1353, *lv denied* 10 NY3d 845, *abrogated on other grounds People v Cajigas*, 19 NY3d 697, 701). Rather, the only inference to be drawn from the evidence is that defendant made the calls with the intent to discuss issues of child support and visitation, not to harass, annoy, threaten or alarm his ex-girlfriend. We therefore modify the judgment accordingly. We further conclude, however, that the evidence is legally sufficient to establish that

defendant intentionally disobeyed the order of protection by making four telephone calls to the former girlfriend over the course of eight days (*see People v Levi*, 55 AD3d 625, 625-626, *lv denied* 11 NY3d 926). The evidence is thus legally sufficient with respect to the conviction of criminal contempt in the second degree (*see generally People v Bleakley*, 69 NY2d 490, 495) and, viewing the evidence in light of the elements of that crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

All concur except SCUDDER, P.J., and PERADOTTO, J., who dissent in part and vote to affirm in the following Memorandum:  We respectfully dissent in part because we disagree with the majority that the evidence is legally insufficient to support defendant's conviction of criminal contempt in the first degree (Penal Law § 215.51 [b] [iv]). We would therefore affirm the judgment.

"The standard for reviewing legal sufficiency in a criminal case is whether, '[v]iewing the evidence . . . in a manner most favorable to the prosecution and indulging in all reasonable inferences in the People's favor,' a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (*People v Bueno*, 18 NY3d 160, 169, quoting *People v Ford*, 66 NY2d 428, 437).  As relevant here, a person is guilty of criminal contempt in the first degree when, in violation of an order of protection of which the defendant has actual knowledge, he or she, "with intent to harass, annoy, threaten or alarm a person for whose protection such order was issued, repeatedly makes telephone calls to such person, whether or not a conversation ensues, with no purpose of legitimate communication" (Penal Law § 215.51 [b] [iv]).  It is well established that "[i]ntent may be inferred from conduct as well as the surrounding circumstances" (*People v Steinberg*, 79 NY2d 673, 682), and a jury is entitled to "infer that a person intended the natural and probable consequences of an act" (*id.* at 685).  Where competing inferences may be drawn concerning a defendant's intent, those inferences, " ' if not unreasonable, are within the exclusive domain of the finders of fact' " (*Bueno*, 18 NY3d at 169, quoting *People v Barnes*, 50 NY2d 375, 381).

Here, viewing the evidence in the light most favorable to the People and according the People the benefit of every reasonable inference (*see People v Contes*, 60 NY2d 620, 621; *People v Soler*, 52 AD3d 938, 940, *lv denied* 11 NY3d 741), we conclude that the evidence is legally sufficient to establish that defendant committed the crime of criminal contempt in the first degree by repeatedly making telephone calls to his ex-girlfriend's residence in violation of a valid order of protection made for her benefit, of which defendant had actual knowledge, with the intent to harass or annoy her, and with no legitimate purpose (*see* Penal Law § 215.51 [b] [iv]; *People v Audi*, 88 AD3d 1070, 1072, *lv denied* 18 NY3d 856; *People v Richards*, 297 AD2d 610, 611, *lv denied* 99 NY2d 539).  The evidence at trial established that defendant made five telephone calls to the victim within an eight-day period, and that three of those calls took place on a single day over the course of one hour.  During the telephone calls,

defendant called the victim a "bitch" and a "whore," told her he did not intend to pay child support for their child, and threatened to embarrass her in the court proceeding commenced by the victim to enforce defendant's child support obligation (*see Soler*, 52 AD3d at 939-940). Notably, defendant had never paid child support to the victim despite the existence of a child support order, and thus his expressed intention to continue avoiding his child support obligation was not new or unexpected to the victim. The victim testified that, every time defendant called her, she told him not to do so, but that he continued to call her in contravention of her wishes and the order of protection (*see People v Kelly*, 79 AD3d 1642, 1642, *lv denied* 16 NY3d 832). The victim further testified that she found the repeated telephone calls to be annoying and/or harassing.

Although defendant contends that the purpose of his telephone calls was not to harass or annoy the victim, but rather his purpose was to discuss child support, we conclude that the nature and circumstances of the telephone calls, combined with the evidence of defendant's "previous violent and abusive conduct toward the victim which precipitated the order of protection[], allow[ed] the jury to reasonably conclude that defendant's purpose in telephoning the victim was simply to 'harass, annoy, threaten or alarm' her and lacked any particular legitimate purpose" (*People v Tomasky*, 36 AD3d 1025, 1026, *lv denied* 8 NY3d 927, quoting Penal Law § 215.51 [b] [iv]; *see generally People v Alexander*, 50 AD3d 816, 817-818, *lv denied* 10 NY3d 955).

Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict with respect to all counts is against the weight of the evidence (*see People v Allman*, 280 AD2d 384, 384-385, *lv denied* 96 NY2d 797; *see generally People v Bleakley*, 69 NY2d 490, 495).

Entered: July 5, 2013                                    Frances E. Cafarell
                                                         Clerk of the Court