People v Splunge (2018 NY Slip Op 01506)





People v Splunge


2018 NY Slip Op 01506


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

107927

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BILLY JOE SPLUNGE, Appellant.

Calendar Date: January 10, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and Pritzker, JJ.


Craig Meyerson, Peru, for appellant.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered June 12, 2015, upon a verdict convicting defendant of the crime of criminal contempt in the first degree.
Defendant was charged with various crimes in a seven-count indictment stemming from his acts in allegedly violating an order of protection that directed him to, among other things, stay away and have no telephone or electronic contact with his ex-girlfriend (hereinafter the victim). Following a jury trial, defendant was found guilty of criminal contempt in the first degree and acquitted of the remaining counts. County Court thereafter sentenced defendant, as a second felony offender, to a prison term of 2 to 4 years. Defendant appeals. We affirm.
Defendant's sole contention on appeal is that the evidence was not legally sufficient to support the jury's verdict. Defendant, however, failed to preserve this contention for review given that he made only a general motion to dismiss at the close of the People's case-in-chief (see People v Stacconi, 151 AD3d 1395, 1396 [2017]; People v Morgan, 149 AD3d 1148, 1149 [2017]; People v Ressy, 141 AD3d 839, 840 [2016], lv denied 28 NY3d 1030 [2016]). In any event, defendant's assertion is without merit. The People adduced proof at trial that defendant was advised of an order of protection prohibiting him from having telephone contact with the victim, he made multiple calls and left voice messages for her, the victim felt upset and scared by these communications and there was no legitimate purpose for such contact (see Penal Law § 215.51 [b] [iv]; People v Clark, 65 AD3d 755, 758-759 [2009], lv denied 13 NY3d 906 [2009]; [*2]People v Soler, 52 AD3d 938, 940 [2008], lv denied 11 NY3d 741 [2008]; People v McCowan, 45 AD3d 888, 889 [2007], lv denied 9 NY3d 1007 [2007]; People v Tomasky, 36 AD3d 1025, 1026 [2007], lv denied 8 NY3d 927 [2007]).
McCarthy, J.P., Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.