People v Streater (2022 NY Slip Op 04668)

People v Streater

2022 NY Slip Op 04668

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

112099
[*1]The People of the State of New York, Respondent,
v
James Streater, Appellant.

Calendar Date:May 26, 2022

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Clea Weiss, Ithaca, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered July 10, 2019, convicting defendant upon his plea of guilty of the crimes of aggravated family offense and criminal contempt in the first degree.
In January 2019, defendant was charged with six counts of aggravated family offense and two counts of criminal contempt in the first degree based upon allegations that he had continued contact with an individual for whom an order of protection had been issued. Subsequently, defendant pleaded guilty to one count of aggravated family offense and one count of criminal contempt in the first degree and waived his right to appeal as a condition of this guilty plea. County Court sentenced him to consecutive prison terms of 2 to 4 years on each count, and certain orders of protection were issued. Defendant appeals.
Initially, we agree with defendant that his waiver of the right to appeal is invalid. "A waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily. And though a trial court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned, it must make certain that a defendant's understanding of the terms and conditions of a plea agreement is evident on the face of the record" (People v Lopez, 6 NY3d 248, 256 [2006] [citations omitted]). When the trial court has, through written waiver and oral colloquy, "mischaracterized the nature of the right a defendant was being asked to cede, an appellate court cannot be certain that the defendant comprehended the nature of the waiver of appellate rights" (People v Thomas, 34 NY3d 545, 565-566 [2019] [internal quotation marks and citation omitted]).
During the plea colloquy, County Court described to defendant in detail his right to appeal to a higher court, including the attendant right to assigned appellate counsel. The court then made clear that, in order to receive the benefit of the plea bargain offered by the People and the sentence offered by the court, defendant would "have to give up that separate and distinct right to appeal." It was not conveyed to defendant that some appellate review would survive this waiver. Defendant then executed a written document pertaining to his right to appeal, among other rights. This written waiver similarly described that, following a guilty plea, defendant would typically retain "the right to appeal to a higher court to review the fairness of that conviction and any sentence imposed in the case." The waiver explained that "this right to appeal includes the right to the assignment of an attorney for that purpose" if a defendant cannot afford to hire counsel. It went on to state "that a defendant can be asked to waive — that is, give up — this right to appeal in return for a promised sentence or range of sentences from the court," and it affirmed defendant's understanding that his waiver [*2]of appeal would "apply to all legal issues that can be waived under the law, including any issues regarding the effectiveness of [his] attorney prior to [his] guilty plea in this case." Notably, the final sentence before the signature page states as follows: "It is [defendant's] understanding and intention that [his] plea agreement and sentence will be a complete and final disposition of this case."
Thus, both the oral colloquy and the written waiver included overbroad characterizations of the waiver of the right to appeal, without regard for defendant's well-settled retention of "the right to appellate review of very selective fundamental issues, including the voluntariness of the plea and appeal waiver, legality of the sentence and the jurisdiction of the court" (People v Thomas, 34 NY3d at 566). In particular, the final sentence of the written waiver "suggest[s] an absolute bar to taking a direct appeal encompassing even nonwaivable issues, and [is] overly broad by mischaracterizing the rights waived as encompassing all state and federal appeals and postconviction relief" (People v Gamble, 190 AD3d 1022, 1024 [2021], lvs denied 36 NY3d 1095, 1097, 1098 [2021]). Notwithstanding our prior decisions indicating that an overbroad or misleading characterization of an appeal waiver may be remedied by qualifying language limiting the waiver to "all legal issues that can be waived under the law," as well as assurances that a defendant has discussed the waiver with counsel (see e.g. People v Soto, 199 AD3d 1128, 1129 [2021]; People v McCoy, 198 AD3d 1021, 1022 [2021], lv denied 37 NY3d 1162 [2022]; People v Thomas, 190 AD3d 1157, 1158-1159 [2021]), the "totality of the circumstances" here fails to confirm that defendant understood the nature of the appellate rights being waived (People v Thomas, 34 NY3d at 559).[FN1]
As the waiver of appeal is invalid, defendant's contention that his sentence was harsh or severe is not precluded. However, defendant's sentence was neither harsh nor severe given his extensive criminal history and, in particular, his repeated convictions related to intimate partner violence (see generally People v Soler, 52 AD3d 938, 941 [2008], lv denied 11 NY3d 741 [2008]; People v Spear, 37 AD3d 870, 871 [2007]; People v De Fayette, 27 AD3d 840, 840-841 [2006], lv denied 7 NY3d 754 [2006]). Although defendant urges this Court to consider certain statements by the victim and her mother that arguably demonstrate their support and/or forgiveness, these statements appear to merely evince a hope that defendant might obtain appropriate treatment while incarcerated, rather than advocating for leniency.
Finally, defendant's assertion that County Court interfered with his and trial counsel's ability to speak at sentencing is unpreserved based upon his failure to raise any objection at sentencing (see People v Green, 54 NY2d 878, 880 [1981]; People v Carrington, 194 AD3d 1253, 1255 [2021]; People v Signor, 173 AD3d 1264, 1267 [2019]).
Lynch[*3], Aarons, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: As Chief Judge Lippman wrote with respect to plea adequacy, "it may seem a sign of judicial sophistication to eschew 'litanies,' 'catechisms,' 'rituals,' 'scripts' and 'formulas' and to aspire instead to an exercise of discretion based on the 'totality'" (People v Conceicao, 26 NY3d 375, 387 [2015] [Lippman, Ch. J., concurring in part and dissenting in part]). However, trial courts' avoidance of rote recitations in accepting appeal waivers too often results in conflicting or misleading waiver language. "To be sure, the Model Colloquy for the waiver of right to appeal drafted by the Unified Court System's Criminal Jury Instructions and Model Colloquy Committee neatly synthesizes [Court of Appeals] precedent and the governing principles and provides a solid reference for a better practice" (People v Thomas, 34 NY3d at 567). In an effort to reduce the incidence of this recurring issue, it bears noting that this colloquy is accessible on the Unified Court System's website.