People v Martin (2025 NY Slip Op 06101)

People v Martin

2025 NY Slip Op 06101

Decided on November 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 6, 2025

CR-24-1004
[*1]The People of the State of New York, Respondent,
v
Donald R. Martin III, Appellant.

Calendar Date:October 3, 2025

Before:Clark, J.P., Aarons, Lynch, Ceresia and Powers, JJ.

Angela Kelley, East Greenbush, for appellant.
Jennifer L. Buckley, Acting District Attorney, Ballston Spa (Jesse L. Ashdown of counsel), for respondent.

Appeals (1) from a judgment of the County Court of Saratoga County (James Murphy III, J.), rendered July 11, 2022, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree, and (2) from a judgment of said court, rendered July 11, 2022, convicting defendant upon his plea of guilty of the crime of failure to register as a sex offender.
In May 2022, defendant waived indictment and agreed to be prosecuted pursuant to two superior court informations, one charging criminal possession of a weapon in the third degree and the other charging failure to register as a sex offender. Defendant agreed to plead guilty to the charged crimes with the understanding that he would be sentenced, as a second felony offender, to a prison term of 2 to 4 years for the criminal possession of a weapon conviction and to a prison term of 1½ to 4½ years for the conviction of failure to register as a sex offender, with the sentences to run consecutively. The plea agreement also required defendant to waive his right to appeal. County Court thereafter sentenced defendant to the agreed-upon terms of imprisonment. Defendant appeals from both convictions, and we affirm.
Our review of the record confirms that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Lesson, 241 AD3d 1051, 1055 [3d Dept 2025]; People v Murauskas, 240 AD3d 1007, 1008 [3d Dept 2025], lv denied 43 NY3d 1057 [2025]). Defendant signed a written waiver of the right to appeal, affirmed that he had read and discussed the waiver with counsel, including those issues that survived, and confirmed that he understood the waiver and had no questions related thereto. Although the written waiver contained some overbroad language, including that defendant was waiving the right to appeal his "[s]entence," it nevertheless indicated that some appellate review survived and that the waiver "encompasse[d] most issues arising from th[e] criminal proceeding" (emphasis added). The written waiver also did not inaccurately purport to erect a complete bar to the pursuit of "collateral relief on certain nonwaivable issues in both state and federal courts" (People v Bisono, 36 NY3d 1013, 1018 [2020] [internal quotation marks and citation omitted]; compare People v Appiah, 218 AD3d 1060, 1060 [3d Dept 2024], revd on different grounds 41 NY3d 949 [2024]).[FN1]
Moreover, we are satisfied that the oral colloquy in this case cured the overbroad language in the written waiver. During the oral colloquy, County Court confirmed on the record that defendant understood that, despite his guilty plea, he "always" retained "the right to appeal from the plea and the sentence" and that the waiver of the right to appeal was separate and distinct from those rights automatically forfeited by his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]). Utilizing similar language to the model colloquy, the court further advised defendant that there were "certain rights [*2]that survive the waiver of the right to appeal" and specifically referenced several examples of legal issues that survived, including, markedly, the right to challenge the legality of the sentence imposed (see People v Thomas, 34 NY3d 545, 558-559 [2019]; People v Murauskas, 240 AD3d at 1008; People v Vittengl, 203 AD3d 1390, 1391 [3d Dept 2022]; compare People v Bisono, 36 NY3d at 1017-1018; People v Pike, 226 AD3d 1216, 1216-1217 [3d Dept 2024]; see generally People v Streater, 207 AD3d 952, 954 n 1 [3d Dept 2022], lv denied 39 NY3d 942 [2022]).
Based upon the circumstances presented, we find defendant to have validly waived his right to appeal (see People v Thomas, 34 NY3d at 563-564; People v Lesson, 241 AD3d at 1055; People v Murauskas, 240 AD3d at 1008) and, as such, his challenge to the severity of the sentence imposed is precluded (see People v Leroux, 234 AD3d 1214, 1214 [3d Dept 2025]; People v Mittler, 225 AD3d 1003, 1004 [3d Dept 2024]).
Clark, J.P., Aarons, Lynch, Ceresia and Powers, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: We are mindful that the written waiver informed defendant that he was waiving his right to appeal "[a]ny deportation, immigration or other collateral consequence" (emphasis added) that may result from his guilty plea and sentence, and that this Court in People v Freshwater (238 AD3d 1347, 1348 [3d Dept 2025], lv denied 43 NY3d 1055 [2025]) previously concluded that identical language in a written waiver purported to erect a complete bar to collateral relief, in violation of People v Bisono (36 NY3d at 1018). However, our decision in People v Freshwater erroneously conflated the collateral consequences resulting from a defendant's guilty plea — including, but not limited to, deportation — with the collateral relief which is available to a defendant following conviction.